IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GREGORY SEAN GORAK,

                                                                     OPINION AND ORDER

                Plaintiff,

                                                                      11-cv-130-bbc

    v.

JOHN PAQUIN, RICK RAEMISCH
and GARY H. HAMBLIN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Gregory Sean Gorak has filed a pro se complaint under 42 U.S.C. § 1983 in which he contends that officials at the prison where he is incarcerated violated his right to due process by refusing to allow him to "present evidence" at a disciplinary hearing. Plaintiff was found guilty (of what he does not say, but an attachment to the complaint suggests that he was charged with escape) and he lost 90 days of good time as a result. Although plaintiff has paid the filing fee in full, district courts are required to screen all complaints filed by prisoners against government officials to determine whether the complaint states a claim upon which relief may be granted. 28 U.S.C. § 1915A.

      One problem with plaintiff's complaint is that it violates Fed. R. Civ. P. 8, which

1

requires all plaintiffs to allege enough facts to provide fair notice of a claim that is plausible on its face. For example, it is not clear whether plaintiff was unable to present *any* evidence at his hearing or whether there is a specific type of evidence that he was unable to present. At one point in his complaint he uses the phrase "witness evidence," but whatever the evidence was, he does not say why he wanted to present it or how it was relevant to the hearing. In addition, plaintiff does not explain how defendants Rick Raemisch or Gary Hamblin were involved in the hearing.

Normally, I would allow plaintiff to file an amended complaint that complies with Rule 8, but there is no point in doing that in this case because his complaint has a bigger problem. Even if I assume that plaintiff might have a claim under the due process clause, he cannot bring that claim in a civil suit under 42 U.S.C. § 1983 because he is challenging a decision that led to a loss of good time. Under Preiser v. Rodriguez, 411 U.S. 475 (1973), prisoners cannot use § 1983 to challenge the loss of good time. Such a challenge goes to the duration of their confinement, something that is covered by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In other words, if a prisoner's contention is that officials have lengthened his time in prison in violation of the Constitution, § 2254 represents the sole remedy in federal court and that remedy is available only after the prisoner has exhausted his remedies in state court.

Plaintiff's complaint does not include a request for restoration of good time credits;

2

he asks for money damages instead. In Preiser, 411 U.S. at 494, the Supreme Court suggested in dicta that a damages remedy might be available under § 1983 for unlawful incarceration, but in Heck v. Humphrey, 512 U.S. 477 (1994), the Court rejected that dicta, concluding that the prisoner's request for relief does not matter. That is, even if a prisoner is not asking for earlier release as a remedy, a suit under § 1983 is not an option if success on the prisoner's claim would necessarily *imply* that he is entitled to be released sooner than the date calculated by his custodian. In that case, the prisoner may not seek damages under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487.

Although Heck involved a prisoner's challenge to his conviction, the Supreme Court later extended Heck to bar claims that, if established, would necessarily imply the invalidity of a disciplinary decision that was the basis for a deprivation of a prisoner's good time credits. Edwards v. Balisok, 520 U.S. 641, 646 (1997). Thus, under current law, "[s]tate prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody." Moran v. Sondalle, 218 F.3d

3

647, 650-51 (7th Cir. 2000).

This rule applies to plaintiff as well. If he believes that prison officials violated his right to due process at his disciplinary hearing, he may not seek relief under § 1983 until the disciplinary decision has been overturned in state court or through a petition for writ of habeas corpus under 28 U.S.C. § 2254. Further, before plaintiff may file a federal habeas petition, he must exhaust his remedies in state court.

In closing I note that plaintiff has attached to his complaint a decision from the Circuit Court for Dane County, in which the court concluded on a petition for a writ of certiorari that plaintiff had not waived his right to present evidence at his disciplinary hearing. The court remanded the case "for a hearing at which Gorak may exercise the right he did not waive." My understanding of plaintiff's complaint is that he received a new hearing, but he believes the new hearing was still deficient in some way. (Plaintiff discusses the "remanded hearing" in his complaint and alleges that prison officials disregarded the state court order, though he does not say how they did this.) Because plaintiff has received a new hearing, he cannot rely on the attached decision to show that he has successfully overturned the disciplinary decision in accordance with Edwards. Rather, plaintiff must file a new petition for a writ of certiorari or otherwise challenge the second decision in state court before he may file another lawsuit in federal court.

ORDER

IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE because success on plaintiff Gregory Sean Gorak's claim would necessarily imply that he was deprived of good time credits in violation of the Constitution.

Entered this 15th day of April, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge